UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:10-CV-584-F

| | |
|---|---|
| CHARLES BENZING,              )<br>                                             )<br>            Plaintiffs             )<br>v.                                        )<br>                                             )     **MEMORANDUM AND**<br>                                             )     **RECOMMENDATION**<br>WAKE COUNTY, JUDGE CHRISTINE  )<br>WALCZYK,                           )<br>                                             )<br>                                             )<br>            Defendants           ) | |

Plaintiff has filed an application to proceed *in forma pauperis*, and has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. §§ 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In the instant Complaint, Plaintiff argues that he "is involved in a highly contested and controversial . . . Child Custody Suit with the mother of his daughter . . ."(DE 1-2, pg. 1). Defendant Judge Christine Walczyk has recused herself from being the presiding judge over this child custody matter. Plaintiff contends that Defendant has recused herself for improper reasons, and that her "intentions are to portray [Plaintiff] as an aggressive abuser to justify [Defendant's] previous rulings that are pending appeal" (DE 1-2, pg. 3). Based on these allegations, Plaintiff

1

seeks, *inter alia,* "an award of punitive damages against Defendants" (DE 1-2, pg 4).

First, Plaintiff's Complaint does not make any specific factual allegations regarding Defendant Wake County. Regardless, Defendant Wake County is not an entity which can be sued. "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." Avery v. County of Burke, 660 F.2d 111, 113-14 (4th Cir.1981). In North Carolina, in the absence of a statute, "the capacity to be sued exists only in persons in being." McPherson v. First & Citizens Nat. Bank of Elizabeth City, 81 S.E.2d 386, 397 (N.C. 1954). Likewise, in North Carolina departments of municipalities and counties are not susceptible to suit without statutory authorization. *See* Martin v. Mecklenburg County Park and Recreation Dept't, 2006 WL 3780418 (W.D.N.C. 2006) (dismissing claims against Parks and Recreation Department); Efird v. Riley, et al, 342 F.Supp.2d 413 (M.D.N.C. 2004) (dismissing claims against Cabarrus County Sheriff's Department because "there is no North Carolina statute authorizing suit against a county's sheriff's department"); Jones v. City of Greensboro, 51 N.C. App. 571 (1981)(overruled on other grounds) (holding that police department and coliseum complex were component parts of city and not amenable to suit).

Likewise, Defendant Judge Christine Walczyk has absolute immunity in this matter. Stump v. Sparkman, 435, US 349 (1978).

Furthermore, Plaintiff's claims relate to a pending state child custody matter. "[F]ederal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters." Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006)(*citing* Cole v. Cole, 633 F.2d 1083, 1087 (4th Cir.1980)). This is because child custody matters are better handled by state courts which have the experience to deal with this specific area of the law. *Id.*

Finally, to the extent the relief sought by Plaintiff would require this Court to enjoin pending state court proceedings, Plaintiff's claims are governed by principles of federal court abstention. The Younger doctrine requires federal courts to decline to exercise jurisdiction to

enjoin pending state court proceedings despite the presence of alleged constitutional claims. *See* Younger v. Harris, 401 U.S. 37 (1971). While originally the doctrine applied to injunction of state criminal proceedings, it has been expanded to require abstention from injunction of, *inter alia*, child custody determinations. *See* Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 n. 7 (4th Cir.1995) (tracing the expansion of Younger doctrine). The Younger doctrine stems from the important principles of comity and federalism and from a recognition that state courts are as capable as federal courts of deciding federal and constitutional issues. Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir.1994).

For these reasons, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that his Complaint be DISMISSED as frivolous.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, January 07, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE