UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-584-F

| | |
|---|---|
| CHARLES BENZING,<br>    Plaintiff,<br><br>v.<br><br>WAKE COUNTY;<br>JUDGE CHRISTINE WALCZYK,<br>    Defendants. | )<br>)<br>)<br>)    O R D E R<br>)<br>)<br>)<br>) |

This matter is before the court for ruling on the plaintiff's Objection [DE-8] to the Magistrate Judge's Memorandum and Recommendation [DE-5] ("M&R") recommending that the plaintiff's motion to proceed *in forma pauperis* [DE-1] be granted, but that his Complaint be dismissed as frivolous, pursuant to 28 U.S.C. § 1915 (e)(2).

Upon timely objection, the district court must conduct a *de novo* review of an M&R before deciding whether to adopt or reject it. When a case is referred to a magistrate judge, the district court retains the responsibility to review all of the evidence and to make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Wojcicki v. Aiken Technical College*, 360 Fed. Appx. 484, 487 (4th Cir. 2010). Upon *de novo* review, the district "judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [and] may receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

Here, Benzing has objected to the magistrate judge's recommendation insofar as it purports to rely on the observation that "Plaintiff's claims relate to a pending state child custody matter." M&R [DE-5] at p. 2. It appears from the allegations in his Complaint that the factual predicate for Benzing's lawsuit seeking damages against Wake County and State Family Court

Judge Walczyk arose during state domestic relations proceedings. However, the undersigned acknowledges that the gravamen of Benzing's complaint springs, not from the subject matter of the proceedings in state court, but rather from Judge Walczyk's alleged conduct. That the court proceedings concerned domestic law rather than some other controversy is not relevant to the conclusion that neither named defendant is subject to suit in federal court on the grounds alleged.

Accordingly, having conducted a thorough and *de novo* review of the full record herein, the M&R, and Benzing's Objections thereto, **the court hereby MODIFIES the M&R by substituting the following language, beginning with the first paragraph on page 2**:

Municipal entities such as Wake County "do not enjoy absolute immunity under the Eleventh Amendment," *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 398 (4th Cir. 1990), and thus may be sued under § 1983. *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). Municipalities cannot be held liable under a theory of *respondeat superior* for the constitutional violations of their employees acting within the scope of their employment. *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987). A § 1983 plaintiff therefore must adequately plead and ultimately prove three elements: (1) the existence of an official policy or custom (2) that is fairly attributable to the municipality (3) that proximately caused the underlying constitutional violation. *See, e.g., Jordan ex rel.Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994). To establish municipal liability in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, "a plaintiff must show that the violation of his constitutional rights resulted from a municipal policy or custom." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996). Benzing has not alleged any harm arising from an official policy or custom fairly attributable to Wake County. *See Los Angeles County, Cal. v. Humphries*, ___ U.S. ___, 131 S. Ct. 447, 450 (2010).

Moreover, defendant Judge Christine Walczyk enjoys absolute judicial immunity under the facts alleged in the Complaint. *See, e.g., Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984); *see also Green v. North Carolina*, No. 4:08-CV-135-H, 2010 WL 3743767 (E.D.N.C. Sept. 21, 2010) (citing *Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (a judge may not be attacked for exercising judicial authority, even if done improperly)).

The court ADOPTS the M&R *as modified*, and hereby ORDERS that, although Benzing's motion to proceed *in forma pauperis* is ALLOWED, this action is DISMISSED pursuant to 28 U.S.C. § 1915 (e)(2).

SO ORDERED.

This the 7th day of February, 2011.

JAMES C. FOX
Senior United States District Judge

3